IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

SERGIO SHAW,

                    Petitioner,                                              ORDER

      v.                                                                            08-cv-302-slc

GREG GRAMS, Warden,
Columbia Correctional Institution,

                    Respondent.

---

      Sergio Shaw, an inmate at the Columbia Correctional Institution in Portage, Wisconsin, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  I have granted his petition for leave to proceed *in forma pauperis* in a separate order. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

      Petitioner is serving a one-year prison sentence to run consecutively to a previous prison sentence, together with a three-year term of extended supervision for a February 2007 conviction in the Circuit Court for Waukesha County on one count of battery by a prisoner. He was placed in segregation in March 2007, presumably for a disciplinary violation. Petitioner contends that he is entitled to habeas relief because prison officials extended his mandatory release date incorrectly under Wis. Admin. Code DOC § 303.84.  <u>Heck v.</u>

Humphrey, 512 U.S. 477, 481 (1994) (habeas corpus is exclusive remedy for state prisoner challenging duration of confinement and seeking speedier release).

It is well established that a prisoner seeking a writ of habeas corpus must exhaust his state remedies before seeking federal relief.  Moleterno v. Nelson, 114 F.3d 629, 633 (7th Cir. 1997) (citing cases).  Principles of comity require that the habeas petitioner present his federal constitutional claims initially to the state courts in order to give the state the "'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Duncan v. Henry, 513 U.S. 364, 365 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971) (internal quotation marks omitted)).  Claims are exhausted when they have been presented to the highest state court for a ruling on the merits of the claims or when state remedies no longer remain available to the petitioner.  Engle v. Isaac, 456 U.S. 107, 125 n. 28, 1570 n. 28 (1982); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented").

When a petitioner raises claims that have not been exhausted in state court and state remedies remain available, the federal court must dismiss the petition without prejudice to allow the petitioner to return to state court.  Rhines v. Weber, 544 U.S. 269, 274 (2005); Rose v. Lundy, 455 U.S. 509, 510 (1982).  After exhausting his claims in state court, the

petitioner may then re-present his claims to the federal court in a new habeas petition, assuming he does not run afoul of the statute of limitations.  Rhines, 544 U.S. at 275.

It is clear from the petition that petitioner has not challenged the decision regarding his mandatory release date either administratively or in state court.  Petitioner must first exhaust his administrative remedies and, after obtaining a final decision, challenge that determination in state court.  Once petitioner has completed that process and has exhausted the state court appellate process, he may return to federal court if he can state a constitutionally cognizable claim.  28 U.S.C. § 2254(a).

ORDER

IT IS ORDERED that the petition of Sergio Shaw for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE for petitioner's failure to exhaust his state court remedies.

Entered this 5th day of June, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

3